IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| BENNY THOMAS, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | | Civil Action No. AW-04-976 |
| | * | |
| MERCEDES BENZ CREDIT | | |
| CORPORATION, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \*

## MEMORANDUM OPINION

This case stems from the repossession of two vehicles. Plaintiffs Benny Thomas and Monica Thomas (collectively, "Plaintiffs") allege that Defendants Mercedes Benz Credit Corporation, Inc., DaimlerChrysler Financial Services Americas, Trans Union, Experian, and Equifax improperly reported the repossession of the vehicles, and that as a result, they have been unable to obtain consumer credit. Currently pending before the Court are Plaintiff's Motion for Summary Judgment [157], Defendants Mercedes-Benz Credit Corporation and DaimlerChrysler Financial Services Americas' Cross Motion ("MBCC's") for Summary Judgment [161] and Motion to Strike [181], Defendant Trans Union's Motion to Strike [180], and Defendant Experian's Motion to Strike [182], as well as various motions for summary judgment. This memorandum opinion will only address the motions to strike and the motions for summary judgment related to Plaintiffs' claims against MBCC. The Court has reviewed the entire record, as well as the Pleadings with respect to the pending motions. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the Court will grant MBCC's Motion for Summary Judgment and deny in part Plaintiff's Motion for Summary Judgment. In addition, the Court will grant the motions to strike.

**FACTUAL AND PROCEDURAL BACKGROUND**

In October 1995, Plaintiffs bought two previously owned Mercedes-Benz vehicles from an entity doing business as American Service Center ("ASC"). Plaintiffs executed two retail installment contracts, which were secured by the vehicles that Plaintiffs were purchasing. Parties dispute the effect of the signatures appearing at the bottom of each contract. While Plaintiffs argue that the contracts made only Monica Thomas the purchaser and owner of the vehicles, MBCC contends that both Plaintiffs jointly owned the automobiles. In any event, all parties agree that after the execution of the contracts with ASC, Plaintiffs' contracts were assigned to MBCC.

At some point, Plaintiffs became unable to make the payments as agreed, and MBCC initiated a replevin action against Plaintiffs to obtain possession of the vehicles. MBCC ultimately recovered both vehicles and dismissed the replevin suit.

In October 1997, Plaintiffs filed suit in the Circuit Court of Virginia against MBCC, ASC, and others for fraud, conversion, breach of contract, damages to property, and various additional claims under Virginia law. After reaching settlements with some defendants in the Virginia suit, Plaintiffs voluntarily dismissed the action.

Four years later, in February 2001, Plaintiffs initiated a civil suit in the Circuit Court for Prince George's County against MBCC, as well as several others, asserting claims for fraud, breach of contract, professional malpractice, and negligent and intentional misrepresentation (the "Prince George's County Suit"). MBCC filed a motion to dismiss this suit, arguing that the applicable statute of limitations barred Plaintiffs' action. This motion was granted, and the Prince George's

2

County Suit was dismissed with prejudice.[1]

It was during the pendency of the Prince George's County Suit that Plaintiffs allege that they became aware of a "forged" application for credit. The purportedly forged document is a contract between ASC and Benny Thomas, which Plaintiffs allege Defendant MBCC created by cutting and pasting together various documents. Plaintiffs, however, concede that neither ASC nor MBCC used this application to extend credit, stating "Plaintiff never knew or saw the *rejected* application for credit until 2002." Pl's Opp. at 3 (emphasis added). Indeed, another document produced by Plaintiffs contains a handwritten notation that "the contract was declined. Wife came in the next day to re-do contract."

On March 24, 2004, Plaintiffs filed suit in this Court against Defendants. Plaintiffs' Second Amended Complaint contains five counts and alleges that MBCC, as well as Trans Union, Experian, and Equifax, committed various common law torts and violated several provisions of the Fair Credit Report Act, 15 U.S.C. §§ 1681 to 1681x (the "FCRA"). Count I is for negligence. Count II sets forth a claim for defamation. Count III alleges fraud. Counts IV and V claim violations of the FCRA.

On February 21, 2006, Plaintiff Monica Thomas moved for summary judgment on all counts. In response, Defendant MBCC has filed a cross-motion for summary judgment. On April 7, 2006, Plaintiff Monica Thomas filed an opposition to MBCC's motion.[2] In that brief, Plaintiff alleges that she recently discovered a "fraudulent re-assignment of title," which she apparently claims Defendant

---

[1] Plaintiffs appealed this decision, but the Court of Special Appeals of Maryland dismissed the appeal.

[2] Plaintiff Monica Thomas has represented to this Court that she no longer represents both herself and Plaintiff Benny Thomas.

MBCC manufactured. Without leave from this Court, Plaintiff Monica Thomas has also filed a surreply to Defendant MBCC's cross-motion.

## STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, a party is entitled to summary judgment if it demonstrates that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). In a motion for summary judgment, the moving party discharges its burden by showing an absence of evidence to support the non-moving party's case. *Celotex*, 477 U.S. at 325. When faced with a motion for summary judgment, Rule 56(e) requires the non-moving party "to go beyond the pleadings" and show the existence of a genuine issue for trial, by way of affidavits, deposition testimony, or answers to interrogatories. *Id.* at 324; *see also Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). While the evidence of the non-movant is to be believed and all justifiable inferences drawn in his or her favor, a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. *See Deans v. CSX Transp., Inc.*, 152 F.3d 326, 330-31 (4th Cir. 1998); *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

## DISCUSSION

Defendant MBCC makes both procedural and substantive arguments as to why this Court should grant summary judgment in its favor.[3] As many of these arguments apply to multiple counts,

---

[3] Plaintiff Benny Thomas has not presented the evidence required by Rule 56(e) to defeat a motion for summary judgment. At the very least, this section of the Rules of Civil Procedures shifts the burden to the non-movant to go beyond the pleadings to refute the defendant's showing that it is entitled to summary judgment. *Deans v. CSX Transp., Inc.*, 152 F.3d 326, 330-31 (4th Cir. 1998); *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). As such, Plaintiff Benny Thomas

the Court will consider Plaintiffs' claims in the order most efficient to their disposition.

As a threshold matter, Defendant MBCC argues that it is entitled to summary judgment because the applicable statutes of limitations bar Plaintiffs' claims for negligence and defamation and for violations of the FCRA.

I.      Count I - Negligence

It appears clear that the limitations period has expired for Plaintiffs' claims for negligence. Maryland statute supplies the rule of law in this case, *see generally Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), and under Maryland law, a plaintiff must file suit for negligence "within three years from the date [the cause of action] accrues unless another provision of the Code provides a different period of time within which an action shall be commenced." Md. Cts. & Jud. Proc. Code Ann. § 5-101 (2006).

While generally a cause of action accrues on the date of the alleged wrong, Maryland has also adopted the discovery rule, which provides that a plaintiff's cause of action accrues when the plaintiff knows or reasonably should have known of the wrong. *See, e.g.*, *Poffenberger v. Risser*, 431 A.2d 677 (Md. 1981); *see also Martin Marietta Corp. v. Gould, Inc.*, 70 F.3d 768, 771 (4th Cir. 1995).

Plaintiffs' Second Amended Complaint states that Defendant MBCC acted negligently in "the matching of consumer credit data, preparation and publication of consumer credit reports, in preparing and publication of each subsequent reporting and re-reporting, [and] the handling and reinvestigation of data about plaintiff." Am. Compl. ¶ 74. In her deposition, Plaintiff Monica

---

has failed to show that an issue of fact remains disputed in connection with his claim against MBCC.

Thomas has acknowledged that, since 1999, MBCC has not reported credit information about the 1995 contracts. Furthermore, Plaintiffs have also testified that they "were aware that something was wrong in 1997 after Mr. Thomas' loan was declined . . . ."[4] That Plaintiffs filed the Prince George's County Circuit Suit against MBCC in 2001 further evidences the fact that Plaintiffs knew of their alleged injuries well before 2002. Accordingly, this Court will grant to summary judgment as to Count I because Plaintiffs have brought this suit outside the limitations period.

II.     Count II - Defamation

Likewise, this Court finds that the statute of limitations bars Plaintiffs' claims for defamation. Maryland law provides that an action for libel or slander must be filed within one year from the date it accrues. Md. Cts. & Jud. Proc. Code Ann. § 5-105. Because MBCC did not disclose or report any of the alleged false information after 1999, Plaintiffs' suit for defamation is untimely.

III.    Count IV and V - FCRA

With respect to Plaintiffs' FCRA claims, federal law prescribes the applicable statute of

---

[4] The Court need not address the "forged" ASC application with respect to the negligence claim because Plaintiffs have failed to show that MBCC relied on this alleged application in its reporting or re-reporting of credit information. Quite to the contrary, all evidence indicates that ASC or MBCC rejected this credit application.
    Furthermore, this Court agrees that the reassignment documents proffered by Monica Thomas cannot serve as evidence against MBCC because MBCC representatives did not sign this document. At best, it would possibly show that ASC altered the document. However, this Court has dismissed ASC from this case.
    This Court must also note that Plaintiffs have not shown that a genuine issue of material fact exists as to the authenticity of either document. Plaintiffs' evidence of the alleged forgeries are Ms. Thomas' own affidavit. This Court has no obligation to accept Plaintiffs' self-serving opinions on a motion for summary judgment. *See Mackey v. Shalala*, 360 F.3d 463, 470 (4th Cir. 2004) (holding that a plaintiff's own self-serving opinion are insufficient to survive summary judgment).

limitations. Prior to March 31, 2004, a plaintiff alleging a violation of the FCRA must have brought his or her FCRA claims within two years. 15 U.S.C. § 1681p. Plaintiffs filed this suit on March 24, 2004, and their FCRA claims are premised on events that occurred before 1999. Thus, this Court will grant summary judgment on Counts IV and V.

IV.   Count III - Fraud

This Court will also grant summary judgment on Plaintiffs' claim for fraud, Count III. In Count III, Plaintiffs allege that MBCC and ASC: (1) changed Ms. Thomas' soundex number, (2) altered the original contract for credit, and (3) erroneously reported that Benny Thomas was the sole purchaser of the two Mercedes-Benz vehicles.

A plaintiff may only recover for fraud under Maryland law if he or she establishes:

> (1) that the defendant made a false representation to the plaintiff, (2) that its falsity was either known to the defendant or that the representation was made with reckless indifference as to its truth, (3) that the misrepresentation was made for the purpose of defrauding the plaintiff, (4) that the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) that the plaintiff suffered compensable injury resulting from the misrepresentation.

*Ellerin v. Fairfax Sav., F.S.B.*, 652 A.2d 1117, 1123 (Md. 1995) (quoting *Nails v. S & R,* 639 A.2d 660, 668-669 (Md. 1994)).

No evidence exists that MBCC made these representations *to* Plaintiffs or that Plaintiffs relied on these representations. Rather, as Defendant MBCC points out, Plaintiffs claim that they had no knowledge of these facts until 2002, rendering it impossible for Plaintiffs to have relied on these alleged misrepresentations before that date. Furthermore, Plaintiffs have not specified how they relied on these purported misrepresentations. The lack of these allegations prove fatal to their claims for fraud.

7

V.     <u>*Res Judicata*</u>

Even assuming, *arguendo*, that the statute of limitations did not bar Plaintiffs' negligence and defamation claims and that Plaintiffs offered proof of fraud, summary judgment would be appropriate because the doctrine of *res judicata* counsels in favor of dismissing Plaintiffs' current suit.

*Res judicata* precludes further claims by the same parties arising out of the same transaction or series of transactions. *See Montana v. United States*, 440 U.S. 147, 153 (1979); *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 329 F. Supp. 2d 574, 579 (D. Md. 2004).  For *res judicata* to apply, a plaintiff's second suit need not exactly mirror to the first. *See Pueschel v. United States*, 369 F.3d 345, 355 (4th Cir. 2004).  Instead, *res judicata* operates to prevent litigation of all grounds for recovery that "were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991).

This doctrine has roots in both federal and common law.  The Supreme Court has explained that *res judicata* is not merely a vestige of an ancient time, "more technical time than ours," but "a rule of fundamental and substantial justice, of public policy and of private peace, which should be cordially regarded and enforced by the courts to the end that rights once established by the final judgment of a court of competent jurisdiction shall be recognized by those who are bound by it in every way, wherever the judgment is entitled to respect." *Hart Steel Co. v. Railroad Supply Co.,* 244 U.S. 294, 299 (1917).  This doctrine reflects a principle, essential to common law adjudication, that "a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies."

*Southern Pacific R. Co. v. United States*, 168 U.S. 1, 48-49 (1897). Therefore, *res judicata* bars parties from bringing a subsequent action to resolve issues that they have had a full and fair opportunity to litigate. *Montana*, 440 U.S. at 153-54.

To determine the preclusive effect of the Prince George's County Suit judgment, this Court must look to Maryland law. *See* 28 U.S.C. § 1728; *In re Genesys Data Techs.*, *Inc.*, 204 F.3d 124, 127 (4th Cir. 2000) (observing that the full faith and credit statute requires a federal court "to refer to the preclusion law of the state in which judgment was rendered") (quoting *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 380 (1985)).

Under Maryland law, *res judicata* will preclude a second suit if: (1) a court entered valid judgment on the merits; (2) the present litigation involves the same parties or those in privity with the parties to the earlier dispute; and (3) the second suit presents the same cause of action as the first. *See, e.g., Colandrea v. Wilde Lake Cmty. Ass'n,* 361 Md. 371, 389, 761 A.2d 899 (2000).

In this case, neither party disputes that the first two prongs of the inquiry are met. The question for this Court, then, is whether this suit is the same cause of action as the Prince George's County Suit. In analyzing whether two suits arise from the same cause of action, the Maryland courts have employed the "transaction" test of the Restatement (Second) of Judgments § 24. *See Anne Arundel County Bd. of Educ. v. Norville*, 887 A.2d 1029, 1038 (Md. 2005). This test provides that a plaintiff cannot pursue remedies against a defendant for any part of the same transaction or series of connected transactions that served as the predicate for the plaintiff's previous action if there was a valid judgment on the merits of the first suit. *Norville*, 887 A.2d at 1038-39.

> What factual grouping constitutes a "transaction" and what groupings constitute a "series," are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial

9

>unit, and whether their treatment as a unit conforms to the parties'
>expectations or business understanding or usage.

*Id.* at 1038 (quoting *FWB Bank v. Richman*, 731 A.2d 916, 928 (1999) which in turn quotes Restatement (Second) of Judgments § 24).

Applying the transaction test, it appears clear that this suit involves the same cause of action as Plaintiffs' Prince George's County Suit. Both suits concerned the purchase of the two automobiles in 1995, the repossession of the vehicles in 1997, and MBCC's credit reporting of these transactions.

Plaintiffs seem to argue that the discovery of the "forged" application for credit distinguishes the instant litigation from the Prince George's County Suit. Yet, Plaintiffs concede that they became aware of these document while engaged in discovery in the Prince George's County Suit. Nothing prevented Plaintiffs from raising any claims related to this document in the former suit. Because Plaintiffs had knowledge of this fact when litigating their prior suit, *res judicata* precludes Plaintiff's present suit.

Finally, Plaintiff Monica Thomas' allegations that she recently discovered the forged "reassignment of title" documents do not alter this analysis. Pl.'s Opp. at 2. Plaintiff Monica Thomas refers to this documents in her opposition brief, but has not attached an affidavit or other evidence as required by Rule 56(e). These statements do not suffice to avert summary judgment. *See* Fed. R. Civ. P. 56(e) (providing "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."); *see also Tinsley v. First Union Nat'l Bank,* 155 F.3d 435, 443 (4th Cir. 1998) (explaining that unsworn statement of employees could not be considered on motion for summary judgment); *Turner v. Human Genome*

*Science, Inc.,* 292 F. Supp. 2d 738, 743 (D. Md. 2003) (refusing to consider unsworn statements as proof in a motion for summary judgment); *Metropolitan Life Ins. Co. v. Hall,* 9 F. Supp. 2d 560, 561 (D. Md. 1998) (explaining that "[u]nsworn pleadings do not satisfy Rule 56(e)'s requirements for summary judgment proof").

In sum, as Plaintiffs had the opportunity to litigate the issues in the case at bar in a prior proceeding, the doctrine of *res judicata* acts as a barrier to this suit. This result is consistent with "the sound and obvious principle of judicial policy that a losing litigant deserves no rematch after a defeat fairly suffered in adversarial proceedings." *Astoria Fed. S. & L. Ass'n v. Solimino*, 501 U.S. 104, 107 (1991); *accord Colandrea,* 761 A.2d at 909.

VI.     Motions to Strike

Plaintiff has filed various surreplies. Local Rule 105 does not permit a party to file a surreply without leave of the Court. As a result, this Court will grant Defendants' motions to strike.

**CONCLUSION**

For all of the aforementioned reasons, the Court will GRANT MBCC's [161] Motion for Summary Judgment. In addition, this Court will GRANT MBCC's Motion to Strike [181], Defendant Trans Union's Motion to Strike [180], and Defendant Experian's Motion to Strike [182]. An Order consistent with this Opinion will follow.

Date:   May 23, 2006                                   /s/
                                                       Alexander Williams, Jr.
                                                       United States District Court