**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

BENNY THOMAS, *et al.*,                             *

                Plaintiffs,                 *

    v.                                                                    Civil Action No. AW-04-976

                                 *

MERCEDES BENZ CREDIT
CORPORATION, *et al.*,                             *

              Defendants.               *

                       * * * * *

## <u>MEMORANDUM OPINION</u>

This case stems from the repossession of two vehicles. Plaintiffs Benny Thomas and Monica Thomas (collectively, "Plaintiffs") brought this suit against Defendants Mercedes Benz Credit Corporation, Inc., DaimlerChrysler Financial Services Americas ("MBCC"),[1] Trans Union, Experian, and Equifax (collectively, "Defendants"), alleging that Defendants improperly reported the repossession of the vehicles, and that as a result, they have been unable to obtain consumer credit. Plaintiff Monica Thomas ("Monica Thomas" or "Plaintiff") also alleges that Trans Union, Experian, and Equifax have reported other erroneous information on her credit reports. Currently pending before the Court are Plaintiff Monica Thomas's Motion for Summary Judgment [157], Defendant Experian's Cross-Motion for Summary Judgment [160], Defendant Equifax's Cross-Motion for Summary Judgment [162], Defendant Trans Union's Cross-Motion for Summary Judgment [163], and Defendants' Joint Motion for Sanctions [164]. The Court has reviewed the entire record, as well as the Pleadings with respect to the pending motions. In addition, the Court

---

[1]Defendant DaimlerChrysler Financial Services Americas has explained that MBCC is no longer a functioning entity and that DaimlerChrysler Financial Services Americas took control of all of MBCC's operations. However, for the sake of simplicity, both Mercedes Benz Credit Corporation, Inc. and its successor, DaimlerChrysler Financial Services Americas, will be referred to as MBCC.

heard from all parties in this action at a hearing on June 27, 2006.  For the reasons stated below, the Court will grant Defendants' Motions for Summary Judgment and deny Plaintiff's Motion for Summary Judgment.  The Court will also deny the Joint Motion for Sanctions as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

In October 1995, Plaintiffs bought two previously owned Mercedes-Benz vehicles from an entity doing business as American Service Center ("ASC").  Plaintiffs executed two retail installment contracts, which were secured by the vehicles that Plaintiffs were purchasing.  Parties dispute the effect of the signatures appearing at the bottom of each contract.  While Plaintiffs argue that the contracts made only Monica Thomas the purchaser and owner of the vehicles, Defendants contend that both Plaintiffs jointly owned the automobiles.  In any event, all parties agree that after the execution of the contracts with ASC, Plaintiffs' contracts were assigned to MBCC.

At some point, Plaintiffs became unable to make the payments as agreed, and MBCC initiated a replevin action against Plaintiffs to obtain possession of the vehicles.  MBCC ultimately recovered both vehicles and dismissed the replevin suit.

In 1998, Plaintiffs filed a complaint against Trans Union, Experian, and Equifax in the Circuit Court for Prince George's County, claiming that they had been denied credit because of the "repossessions and bankruptcy on [Benny Thomas's]  credit report" related to the purchase of the two vehicles.  In this suit, Plaintiffs alleged violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 to 1681x (the "FCRA"), as well as claims for intentional infliction of emotional distress. On October 21, 1998, Defendants removed the case to this Court.

In February of 1999, Plaintiffs signed general releases and entered into settlement agreements with Defendants Trans Union, Experian, and Equifax.  As part of these agreements,

these Defendants stopped reporting the MBCC account.  In exchange, Plaintiffs agreed to release

Defendants for all claims that served as the cause of action for the 1998 lawsuit.  This Court

approved these settlement agreements and issued two orders dismissing the case with prejudice on

February 22, 1999 and February 23, 1999.

Plaintiff has admitted in her deposition that the three credit bureaus did not report any

information pertaining to the MBCC account history after 1999.

Plaintiff filed a suit against MBCC and ASC in 2001 in the Circuit Court for Prince George's

County.  During this suit, Plaintiffs allege that they became aware of a "forged" application for

credit.  The purportedly forged document is a contract between ASC and Benny Thomas, which

Plaintiffs allege Defendant MBCC created by cutting and pasting together various documents.

Plaintiffs, however, concede that neither ASC nor MBCC used this application to extend credit,

stating "Plaintiff never knew or saw the *rejected* application for credit until 2002."  Pl's Opp. at 3

(emphasis added).  Indeed, another document produced by Plaintiffs contains a handwritten notation

that "the contract was declined.  Wife came in the next day to re-do contract."

On March 24, 2004, Plaintiffs filed the current suit in this Court against Defendants MBCC,

Trans Union, Experian, and Equifax, as well as ASC. Plaintiffs' Second Amended Complaint

contains five counts and alleges that ASC, MBCC, Trans Union, Experian, and Equifax committed

various common law torts and violated several provisions of the FCRA.  Count I is for negligence.

Count II sets forth a claim for defamation.  Count III applies only to MBCC and alleges fraud.

Counts IV and V claim violations of the FCRA.

In August of 2005, ASC was dismissed from this suit after this Court granted its motion for

summary judgment.  In early 2006, Plaintiff Benny Thomas voluntarily dismissed his claims against

the credit bureaus, Trans Union, Experian, and Equifax, thereby settling all his claims in this suit apart from his suit against MBCC.

On February 21, 2006, Plaintiff Monica Thomas moved for summary judgment on all counts against all the remaining Defendants. Defendant Experian filed its response and cross-motion for summary judgment on March 17, 2006.  On March 20, 2006, Defendants MBCC, Trans Union, and Equifax also filed cross-motions for summary judgment.  On March 28, 2006, all Defendants moved jointly for sanctions against Plaintiff Monica Thomas.

This Court granted MBCC's Cross-Motion for Summary Judgment on May 23, 2006, finding that Plaintiffs' claims against MBCC were barred by the applicable statutes of limitations and by the doctrine of *res judicata*.  The other motions were scheduled for a hearing and are currently ripe and ready for disposition.

## STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, a party is entitled to summary judgment if it demonstrates that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).  In a motion for summary judgment, the moving party discharges its burden by showing an absence of evidence to support the non-moving party's case.  *Celotex*, 477 U.S. at 325. When faced with a motion for summary judgment, Rule 56(e) requires the non-moving party "to go beyond the pleadings" and show the existence of a genuine issue for trial, by way of affidavits, deposition testimony, or answers to interrogatories.  *Id.* at 324; *see also Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  While the evidence of the non-movant is to be believed and all justifiable inferences drawn in his or her favor, a party cannot create a genuine

4

dispute of material fact through mere speculation or compilation of inferences. *See Deans v. CSX Transp., Inc.,* 152 F.3d 326, 330-31 (4th Cir. 1998); *Beale v. Hardy,* 769 F.2d 213, 214 (4th Cir. 1985).

**ANALYSIS**

I. **Plaintiffs' FCRA Claims**

In Plaintiffs' Second Amended Complaint, Plaintiffs allege violations of § 1681e(b) and § 1681i of the FCRA.

A.      Statute of Limitations for Plaintiffs' FCRA Claim.

For FCRA claims, federal law prescribes the applicable statute of limitations.   Prior to March 31, 2004, a plaintiff alleging a violation of the FCRA must have brought his or her FCRA claims within two years.  15 U.S.C. § 1681p.  Plaintiffs originally filed this suit on March 22, 2004. Therefore, although Plaintiff's motion contains references to inaccuracies dating back to 1997, the Court need only to consider whether she has alleged violations of the FCRA occurred between March 2002 and March 2004.

B.      Plaintiff's Allegations Under 15 U.S.C. § 1681e(b)

Plaintiff claims that Trans Union, Experian and Equifax violated § 1681e(b) of the FCRA by failing to follow reasonable procedures to assure the "maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).  To establish a prima facie violation of § 1681e(b), Plaintiff must show that: (1) the consumer reports contain inaccurate information and (2) these Defendants did not use reasonable procedures to ensure the accuracy of the information. *See, e.g.*, *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001) ("a consumer reporting agency violates § 1681e(b) if (1) the consumer report

5

contains inaccurate information and (2) the reporting agency did not follow reasonable procedures to assure maximum possible accuracy."); *Grant v. TRW, Inc.*, 789 F. Supp. 690, 692 (D. Md. 1992) (noting that to make out a prima facie violation of § 1681e(b), a plaintiff must present evidence tending to show that a consumer reporting agency prepared a report that contained inaccurate information); *see also Smith v. Auto Mashers, Inc.*, 85 F. Supp. 2d 638, 640-41 (W.D. Va. 2000) (setting forth the elements for a claim under § 1681e(b) as "(1) failure by the reporting agency to follow reasonable procedures to assure the accuracy of its reports; (2) a report which is, in fact, inaccurate; (3) damages to the plaintiff; and (4) proximate cause").

A showing of "accuracy" is a defense to a suit under § 1681e(b). *See, e.g*, *Dalton*, 257 F.3d at 415 (describing standard for accuracy); *Grant*, 789 F. Supp. at 692 (same); *see also Sepulvado v. CSC Credit Servs.*, 158 F.3d 890, 895 (5th Cir. 1998); *Alexander v. Moore & Assoc., Inc.*, 553 F. Supp. 948, 951-52 (D. Haw. 1982).  In light of the overarching purpose of the FCRA, courts have not read this term narrowly, and even a consumer report that contains technically complete information may be deemed "inaccurate" if the statement is presented in such a way that it creates a misleading impression.  *Dalton*, 257 F.3d at 415 ("A report is inaccurate when it is 'patently incorrect' or when it is 'misleading in such a way and to such an extent that it can be expected to [have an] adverse [ ]' effect") (quoting *Sepulvado*, 158 F.3d at 895); *Grant*, 789 F. Supp. at 692 ("There may be extreme instances in which a technically accurate statement is so inherently misleading that it would run afoul of the 'maximum possible accuracy' requirement of § 1681e(b)"). Thus, the viability of Monica Thomas's claim under § 1681e(b) turns on whether she can make a showing that her credit reports from 2002 to 2004 contained "inaccurate" information.

Plaintiff Monica Thomas has not provided specific evidence of an error on her credit reports.

The Second Amended Complaint contains only *one* allegation which occurred within the relevant period. In particular, the Second Amended Complaint alleges that in or about December 2003, Benny and Monica Thomas could not refinance their home because of derogatory information on Benny Thomas's credit report. Sec. Amend. Compl. ¶ 42. Benny Thomas, however, has settled his suit against all three credit bureaus, and any claims regarding his 2003 reports have been dismissed.

Furthermore, where Monica Thomas has attached her credit reports, she does not have other evidence that would demonstrate that the reports are patently incorrect or misleading. For example, Plaintiff includes her Equifax reports from July 2002 and March 2003, but does not specify the purportedly erroneous entries. Instead, Plaintiff has provided a copy of a letter to Equifax, which states that she believes that her credit report contains various errors. It is well-settled that this Court has no obligation to accept Plaintiffs' self-serving opinions on a motion for summary judgment. *See Mackey v. Shalala*, 360 F.3d 463, 470 (4th Cir. 2004) (holding that a plaintiff's own self-serving opinions are insufficient to survive summary judgment). As such, Plaintiff has not made a prima facie showing of a violation of § 1681e(b) as the record does not reflect that her credit reports were "inaccurate."

Even assuming that Plaintiff had proof, as required by Rule 56(e), of inaccuracies on her credit reports, she still has not demonstrated the existence of a genuine issue of material fact with respect to her § 1681e(b) claim because she has not proffered evidence that these inaccuracies are a result of the the credit bureaus' failure to follow reasonable procedures.

While the "reasonableness" of a consumer reporting agency's procedures is ordinarily a question of fact, the implementing regulations for the FCRA clarify that a consumer reporting

7

agency follows reasonable procedures if it relies on information from a reputable source unless it has some notice of systemic problems with the accuracy of its reports.  *See* Commentary on the Fair Credit Reporting Act, 16 C.F.R. pt. 600 app.  By carving out a defense for liability under § 1681e(b) for a consumer reporting agency  that follows "reasonable procedures," Congress manifested its intent not to make consumer reporting agencies strictly liable for any inaccuracy on a consumer credit report.  The Commentary on the Fair Credit Reporting Act, written by the Federal Trade Commission, explains that:

> [w]hether a consumer reporting agency may rely on the accuracy of information from a source depends on the circumstances. This section does not hold a consumer reporting agency responsible where an item of information that it receives from a source that it reasonably believes to be reputable appears credible on its face, and is transcribed, stored and communicated as provided by that source. Requirements are more stringent where the information furnished appears implausible or inconsistent, or where procedures for furnishing it seem likely to result in inaccuracies, or where the consumer reporting agency has had numerous problems regarding information from a particular source.

Commentary on the Fair Credit Reporting Act, 16 C.F.R. pt. 600 app.

That Plaintiff repeatedly states that she "cannot be expected as a consumer to know what [Defendants] did or did not do properly" only underscores the fact that Plaintiff lacks the requisite evidence to establish that Defendants did not maintain reasonable procedures as mandated by  § 1681e(b).  Furthermore, it appears that Plaintiff has not taken any deposition or collected any other evidence regarding Defendants' procedures.

In sum, Plaintiff has made conclusory statements that the credit bureaus' procedures are inadequate, but has not offered competent evidence to support her assertions.  Based on the current record, this Court will deny Plaintiff's motion for summary judgment and grant all Defendants'

motions for summary judgment on the § 1681e(b) claim.

      C.      Defendants' Reinvestigation of Disputed Entries on Plaintiff's Credit Report under 15 U.S.C. § 1681i

In addition to violations of § 1681e(b), Plaintiff alleges that Defendants did not fulfill their obligation to conduct a reasonable reinvestigation under 15 U.S.C. § 1681i. The inquiry into the reasonableness of a consumer reporting agency's reinvestigation procedures under 15 U.S.C. § 1681i differs from that required by 15 U.S.C. § 1681e(b). While a consumer reporting agency may rely on information from a reputable source initially to compile a consumer's credit file under § 1681e(b), 15 U.S.C. § 1681i sets forth more detailed procedures for "reinvestigating" an entry on a credit report once a reporting agency is put on notice that the information may be incomplete or inaccurate. Thus, 15 U.S.C. § 1681i provides that:

> if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a *reasonable reinvestigation* to determine whether the disputed information is inaccurate and record the current status of the disputed information. . . . If, after any reinvestigation . . ., an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall . . .promptly delete that item of information from the file of the consumer.

15 U.S.C. § 1681i(a) (emphasis added).

In evaluating whether Defendants' reinvestigations complied with this provision of the FCRA, again, the touchstone is reasonableness. The FCRA, however, does not explicitly define what constitutes a reasonable reinvestigation. With respect to an analogous provision of the FCRA, 15 U.S.C. § 1681s-2(b)(1), the Fourth Circuit has opined that to determine reasonableness, "the cost of verifying the accuracy of the information" should be weighed against "the possible harm of

reporting inaccurate information." *See Johnson v. MBA America Bank, N.A.*, 357 F.3d 426, 432 (4th Cir. 2004).

Although judging the reasonableness of a consumer reporting agency's reinvestigation is normally within the province of the fact-finder, summary judgment may be appropriate where a plaintiff has failed to adduce evidence that would tend to prove that a consumer reporting agency's reinvestigation was unreasonable.  *Cf.  Spitzes v. Trans Union, LLC*, 140 F. Supp. 2d 562, 566 (E.D.N.C. 2000) (holding that a  consumer reporting agency did not violate 15 U.S.C. § 1681i as matter of law) *but see Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997) ("Whatever considerations exist, it is for the trier of fact to weigh these factors in deciding whether [the defendant] violated the provisions of section 1681i") (internal citations and quotations omitted).

Again, the record is devoid of any evidence that would tend to show that Monica Thomas requested the reinvestigation of an account within the limitations period.[2]  Plaintiff repeats that she "as a consumer is not in a position to dictate if the defendant did or did not conduct proper reinvestigation to resolve her disputes."  Yet, on a motion for summary judgment, the burden rests with Plaintiff to come forth with exactly this type of evidence. At the very least, this admission justifies denying Plaintiff's Motion for Summary Judgment.

Considering that Plaintiff has not presented specific evidence of Defendants' failure to conduct reasonable reinvestigations and her own statement that she is "not in a position to dictate" whether their reinvestigations were sufficient, Defendants are entitled to summary judgment on Plaintiff's § 1681i claim.

---

[2]  Instead, Plaintiff has attached evidence that she disputed several entries on her credit report issued by Experian *after* she filed the Second Amended Complaint.

II.     Plaintiff's Claims for Negligence and Defamation

All Defendants argue that Plaintiff's tort claims for negligence and defamation are preempted by the FCRA.  The FCRA preempts state law causes of action for defamation, invasion of privacy, or negligence with respect to a consumer reporting agency's reporting of consumer credit information except when the consumer reporting agency acted with malice or willful intent to injure. Section 1681h(e), the FCRA's preemption provision, provides that:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e).  Relying on this provision, Defendants contend that the FCRA preempts all of Plaintiff's claims since Plaintiff cannot prove either that Defendants prepared false reports or that they acted with malice or willful intent to injure Plaintiff.

As previously noted, Plaintiff has not shown that her credit report contained false information.  However, even if Plaintiff did present evidence of false information, her common law claims nevertheless would be preempted by the FCRA because she has not shown that Defendants acted with malice or willful intent to injure her.  To prove willfulness under the FCRA, a plaintiff must "show that the defendant knowingly and intentionally committed an act in conscious disregard for the rights of the consumer." *Dalton,* 257 F.3d at 418; *see also Ausherman v. Bank of America Corp.,* 352 F.3d 896, 900 (4th Cir. 2003).  Plaintiff has not furnished evidence that Defendants acted

knowingly and in conscious disregard for her rights.  To the contrary, when asked by Trans Union's counsel whether she had any reason to believe that someone at Trans Union was "purposely trying to harm" her, she responded, "No."  M. Thomas Depo., Vol. 3 at 11.  Absent a showing of malice and a demonstration that Defendants disseminated false information, the FCRA preempts Plaintiff's state law claims.  Consequently, this Court will grant summary judgment on Plaintiff's state law claims.

III.     Defendants' Joint Motion for Sanctions

Defendants seek sanctions under Rule 37 for Monica Thomas's alleged failure to comply with this Court's Order of February 7, 2006.  In this motion, Defendants request that this Court dismiss Monica Thomas's suit or prohibit her from introducing evidence on her damages.  As this Court has ruled that Defendants are entitled to summary judgment on the merits, the Court need not address this motion.

IV.     Attorney's Fees

In MBCC's Motion for Summary Judgment, which was granted on May 23, 2006, MBCC requests attorney's fees pursuant to §§ 1681n(c) and 1681o(b) of the FCRA.  Both these sections of the FCRA authorize a court to award attorney's fees "[u]pon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action . . . was filed in bad faith or for purposes of harassment. . . to the prevailing party."  15 U.S.C. §§ 1681n(c) and 1681o(b).  Generally, determining whether a plaintiff has acted in bad faith is a "fact-dependent" inquiry.  *Cf. Chaudhry v. Gallerizzo,* 174 F.3d 394, 411 (4th Cir. 1999) (affirming sanctions granted under § 1692k(a) and Fed. R. Civ. P. 11 where claim was "utterly without factual foundation").

Parties have not fully briefed this issue, but it deserves note that several facts support

MBCC's assertion that Plaintiff brought this case in bad faith or for the purpose of harassment. First, as discussed more fully in the Memorandum Opinion issued on May 23, 2006, Plaintiff has brought multiple actions against MBCC based on the same set of facts.  This suit and a suit brought in Prince George's County Circuit Court in 2001 (the "Prince George's County Suit") concern the purchase of the two automobiles in 1995, the repossession of the vehicles in 1997, and MBCC's credit reporting of these transactions.  The Prince George's County Suit was dismissed with prejudice as to MBCC. Yet, Plaintiff initiated essentially the same suit against MBCC in 2004.  In addition, Plaintiff has brought previous actions against all three credit bureaus.  For this reason, the Court will allow the parties to submits briefs on this issue.

## CONCLUSION

Thus, based on the foregoing analysis, this Court will grant Defendants' Motions for Summary Judgment and deny Plaintiff's Motion for Summary Judgment.  The Court will also deny Defendants' Joint Motion for Sanctions.  In addition, the Court finds that awarding attorney's fees may be appropriate and will permit the parties to brief this issue.   An Order consistent with this Opinion will follow.

Date:   June 27, 2006                                      _____/s/_____
                                                          Alexander Williams, Jr.
                                                          United States District Judge