IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| BENNY THOMAS, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | | Civil Action No. AW-04-976 |
| | * | |
| MERCEDES BENZ CREDIT CORPORATION, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \*

## MEMORANDUM OPINION

Currently pending before the Court are Defendants DaimlerChrysler Financial Services Americas LLC and Mercedes Benz Credit Corporation's ("MBCC") Motion For Attorney's Fees and Costs [191], Equifax's Motion for Attorney's Fees and Costs [192], Experian's Motion For Attorney's Fees and Costs [193], and Trans Union's Motion for Attorney's Fees and Costs [194]. Plaintiffs have not opposed these motions. The Court has reviewed the entire record, as well as the Pleadings with respect to the pending motions. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated more fully below, the Court will grant Defendants' motions.

## FACTUAL & PROCEDURAL BACKGROUND

The facts have been summarized by several memorandum opinions, so the Court need not set forth here all the facts of the case. Plaintiffs Monica Thomas and Benny Thomas brought this case against MBCC, Equifax, Experian, and Trans Union, alleging violations of the Fair Credit Report Act, 15 U.S.C. §§ 1681 to 1681x (the "FCRA") and several common law claims. This suit represents the fourth suit Plaintiffs have filed against MBCC and at least the second suit Plaintiffs have filed against Equifax, Experian, and Trans Union based on virtually identical facts. At root,

this case stems for the alleged wrongful repossession of two vehicles in 1997.

This Court granted summary judgment in favor of MBCC on May 23, 2006, finding that Plaintiffs' claims were barred by the applicable statutes of limitations and by the doctrine of *res judicata*. This Court also granted summary judgment in favor of the remaining Defendants following a hearing on June 27, 2006. At the hearing, this Court observed that Plaintiff Monica Thomas failed to substantiate her claims that her credit reports contained various errors. By order, on June 27, 2006, this Court permitted Defendants, as prevailing parties, to file additional briefs on the issue of attorney's fees and sanctions.

## DISCUSSION

First, Defendants request attorney's fees pursuant to §§ 1681n(c) and 1681o(b) of the Fair Credit Reporting Act ("FCRA"). Both these sections of the FCRA authorize a court to award attorney's fees "[u]pon a finding by the court that an unsuccessful pleading, motion, or other paper filed in connection with an action . . . was filed in bad faith or for purposes of harassment. . . to the prevailing party." 15 U.S.C. §§ 1681n(c) and 1681o(b). As this Court has previously noted, determining whether a plaintiff has acted in bad faith generally is a "fact-dependent" inquiry. *Cf. Chaudhry v. Gallerizzo,* 174 F.3d 394, 411 (4th Cir. 1999) (affirming sanctions granted under § 1692k(a) and Fed. R. Civ. P. 11 where claim was "utterly without factual foundation").

In addition, federal courts possess an inherent power to sanction bad faith litigants. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 45-46 (1991) (acknowledging that courts may sanction and require payment of attorney's fees when "a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."); *Roadway Express v. Piper*, 447 U.S. 752 (1980) (bad faith litigation exception extends to actions that led to lawsuit as well as conduct of litigation). The authority of

a district court to impose sanctions for bad faith litigation "is governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *White v. Office of the Public Defender*, 170 F.R.D. 138, 149 (D. Md. 1997).

Alternatively, this Court has authority to sanction litigants under Rule 11 of the Federal Rules of Civil Procedure.[1]  Rule 11 requires an attorney or *pro se* litigant who signs pleadings to make a reasonable inquiry into the factual and legal support for the allegations and prohibits the filing of pleadings for an improper purpose, such as harassment, delay, or coercion. Fed. R. Civ. P. 11; *see Cooter & Gell v. Harmar Corp.*, 496 U.S. 384, 393 (1990).  For a complaint to be

---

[1] Rule 11 provides that an attorney or pro se litigant who signs a pleading:

> is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>
> **(1)** it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> **(3)** the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Civ. P. 11.

reasonable, the attorney or *pro se* litigant must have uncovered "some information to support the allegations in the complaint." *Brubaker v. City of Richmond*, 943 F.2d 1363, 1373 (4th Cir. 1991).

In determining whether a Rule 11 violation has occurred, a court should assess whether counsel: (1) had a factual and legal basis to support the filing of the pleading and (2) filed the pleading with an improper motive. *See In re Kunstler*, 9114 F.2d 505, 513 (4th Cir. 1990). The inquiry is an objective one, focusing on whether a reasonable attorney in like circumstances could believe that his actions were factually and legally justified. *Cabell v. Petty*, 810 F.2d 463, 466 (4th Cir. 1987). For the purposes of Rule 11, the actual good faith of the attorney filing the pleading is irrelevant. *Id.*

Finally, 28 U.S.C. § 1927 provides yet another basis for imposing sanctions and states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927**.**

With respect to MBCC, this Court finds that both the FCRA and Rule 11 authorize the imposition of sanctions against Plaintiffs. Plaintiffs have brought multiple actions against MBCC based on the same set of facts. This suit and a suit brought in Prince George's County Circuit Court in 2001 (the "Prince George's County Suit") concern the purchase of the two automobiles in 1995, the repossession of the vehicles in 1997, and MBCC's credit reporting of these transactions. The Prince George's County Suit was dismissed with prejudice as to MBCC. Yet, Plaintiffs initiated essentially the same suit against MBCC in 2004. Furthermore, Plaintiff Monica admitted in her deposition that MBCC had not reported anything to the credit bureaus since 1999. After the

4

deposition, MBCC encouraged Plaintiffs to dismiss it as a defendant, but Plaintiffs refused.

As the Fourth Circuit has explained in *Brubaker v. City of Richmond,* 943 F.2d 1363, 1383-85 (4th Cir. 1991), a plaintiff may not make a frivolous argument, in the hopes that defendants will not realize that the argument lacks merit.  In *Brubaker*, the plaintiff's complaint contained a claim for defamation despite the fact that the relevant statute of limitations barred this cause of action.  The plaintiff dropped the claim after the defendants asserted the statute of limitations defense.  Affirming the district court's decision to impose Rule 11 sanctions, the *Brubaker* Court explained:

> Even had Brubaker dropped the claim as soon as the limitations argument was raised, we would still conclude that a plaintiff cannot avoid Rule 11 sanctions merely because a defense to the claim is an affirmative one.  A pleading requirement for an answer is irrelevant to whether a complaint is well grounded in law.  Were we to follow plaintiffs' suggestion, we would be permitting future plaintiffs to engage in the kind of "cat and mouse" game that Brubaker engaged in here: alleging a time-barred claim to see whether the defendants would catch this defense, continuing to pursue the claim after a defendant pointed out that it was time-barred, urging the court not to dismiss the claim, and finally conceding without argument to the contrary that the claim was time-barred.

*Brubake*r, 943 F.2d at 1384.  This logic applies with equal force in this context.  Following Monica Thomas's deposition, Plaintiffs had notice that their claims would be barred by the statue of limitations, especially in light of the fact that the Prince George's County Circuit Court dismissed their prior suit with prejudice on these grounds.  For these reasons, this Court will grant MBCC's Motion for Attorney's Fees and Sanctions.

Defendant MBCC has presented evidence that it has incurred attorney's fees and costs in the amount of $43,323.60.  In considering the remaining relevant factors, the Court finds that such a severe sanction is not warranted in this case.  Specifically, noting that this is the first time this Court

has imposed sanctions on Plaintiffs, the Court believes that a lesser sanction will be sufficient to deter Plaintiffs from future frivolous filings, and that Plaintiffs' conduct does not warrant a more severe sanction. Therefore the Court will award MBCC attorney's fees and costs in the amount of $10,000 against Plaintiffs Monica Thomas and Benny Thomas.

In addition, the three credit bureaus also request attorneys fees and costs against Monica Thomas.[2] Plaintiff Monica has brought previous actions against all three credit bureaus. From her correspondence with these three Defendants, its is clear that Ms. Thomas brought this suit to exact a settlement out of the defendants. Ms. Thomas continued to pursue her claims against Defendants despite the fact that she acknowledged that her case against Defendants was weak and despite the fact that she had previously entered into binding settlement agreements with all Defendants in the previous suits. On one occasion, writing to Trans Union, Ms. Thomas stated that

> Could the Thomas' really prove and win a case of this magnitude, **I think so**. We had lost everything anyway, so do we take the dice and throw them again? I don't know if I would or not, that depends on YOUR CLIENTS! What is this case worth to them for the Thomas' to walk away after **literally being raped** and FEEL GOOD about if?
> * * *
> *. . . believe me, Mr. Thomas and I don't hold your client accountable for any of the wrongs that were forced upon us.* But when Mr. Thomas tried to make the [Mercedes-Benz] account current in the replevin action, we will never forget the words that [the] MBCC . . . agent spoke, "It's nothing personal, just business", and he walked away saying, we just want OUR cars back. Well again, a fair exchange is NO robbery**, "we want OUR car's back,** in ADDITION to a monetary settlement.

(Italics added). This admission reflects Ms. Thomas' bad faith, and her conduct is exactly the type of conduct that Rule 11 was meant to curtail. For this reason, an award of Defendants Equifax,

---

[2] Benny Thomas has settled his suits against the credit bureaus.

Experian, and Trans Union's attorney's fees and costs is warranted.

Again, all three of these defendants have filed briefs and affidavits proving that they have expended substantial sums for attorney's fees. Equifax requests $7,271.19; Experian requests $100,000; and Trans Union asks for $89,237.37. As before, this Court finds that smaller award will be sufficient to prevent Ms. Thomas from future frivolous filings. To this end, the Court will award Equifax $7,271.19 and will award Experian and Trans Union $10,000 each.

## CONCLUSION

For the foregoing reasons, Defendants DaimlerChrysler Financial Services Americas LLC and Mercedes Benz Credit Corporation's ("MBCC") Motion For Attorney's Fees and Costs [191], Equifax's Motion for Attorney's Fees and Costs [192], Experian's Motion For Attorney's Fees and Costs [193], and Trans Union's Motion for Attorney's Fees and Costs [194] are all granted. An Order consistent with this Opinion will follow.


Date:  September 1, 2006                              /s/
                                                Alexander Williams, Jr.
                                                United States District Judge